IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 08-0069-WS |
| | ) |
| IVY KELLY WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on the Second Motion to Reduce Sentence (doc. 104) filed by defendant, Ivy Kelly Williams.

Williams entered a plea of guilty to one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. On July 23, 2008, the undersigned conducted a sentencing hearing for Williams and imposed a sentence of 130 months. In reaching that sentence, the Court made a specific finding that Williams was accountable for distribution of 58 grams of crack cocaine, which translated into a base offense level of 30. After a three-level reduction for acceptance of responsibility, and after factoring in his criminal history category of VI, Williams was found to have a guideline range of 130 to 162 months. The undersigned imposed a low-end sentence.

Effective November 1, 2011, the United States Sentencing Commission enacted Amendment 750 to the United States Sentencing Guidelines. Amendment 750 reduced the base offense level for certain crack cocaine offenses. Shortly after that amendment took effect, Williams filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). After retroactive application of Amendment 750, Williams' new base offense level was 26. When combined with the three-level reduction for acceptance of responsibility and the criminal history category of VI, both as found in the July 2008 sentencing proceeding, Williams faced a new calculated guidelines range of 92 to 115 months. However, that calculated range must give way to the statutory mandatory minimum sentence of 120 months under the iteration of 21 U.S.C. § 841(b)(1)(A) that was in effect at the time of the offense conduct and Williams' original sentencing proceeding. By operation of U.S.S.G. § 5G1.1(b), that 120-month mandatory

minimum effectively became Williams' new guidelines range after giving him the benefit of Amendment 750. Accordingly, on May 15, 2012, the undersigned entered an Order (docs. 102 & 103) granting Williams' § 3582(c)(2) motion and reducing his sentence to 120 months.

Now, Williams comes forward with his "Second Motion to Reduce Sentence," in which he argues that he is entitled to further reduction because the Fair Sentencing Act of 2010 ("FSA") lowered the mandatory minimum sentence for crack cocaine distribution offenses involving 58 grams of crack cocaine from 10 years to 5 years. The Court has already considered and rejected this very argument in Williams' case. Indeed, in an Order dated April 12, 2012, the undersigned opined as follows: "As a matter of law, however, Williams cannot avail himself of the Fair Sentencing Act's modifications to the mandatory minimum sentence provision that were implemented some two years after his original sentencing, for the simple reason that those changes were not made retroactive to defendants who were sentenced before the FSA was enacted." (Doc. 100, at 2 (citations omitted).)

Williams, by and through counsel, now attempts to re-argue this issue by citing the recent decision in *Dorsey v. United States*, --- U.S. ----, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012), in which the Supreme Court determined that the FSA's new, lower mandatory minimums apply in the limited, particular circumstance where a defendant committed his or her offense before the FSA's enactment, but was sentenced after such enactment. *Dorsey* has no application here. Less than two weeks ago, the Eleventh Circuit rejected an argument identical to Williams' in a published opinion styled *United States v. Berry*, --- F.3d ----, 2012 WL 5503789 (11th Cir. Nov. 14, 2012). The *Berry* panel opined that "[n]othing in the FSA extinguishes the statutory mandatory minimum sentence or penalty already imposed in [defendant]'s case before the FSA's enactment." *Id.* at *2. In that regard, the appellate court expressed agreement with "every other circuit to address the issue" that there is no evidence and no reason to believe that Congress intended the FSA to apply to defendants sentenced earlier than August 3, 2010, the date the FSA took effect. *Id.* As for the defendant's reliance on *Dorsey*, the Eleventh Circuit made short work of this argument, reasoning that "*Dorsey* did not suggest that the FSA's new mandatory minimums should apply to defendants, like Berry, who were sentenced long before the FSA's effective date." *Id.* Rather, "[t]he Supreme Court in *Dorsey* carefully confined its application of the FSA to pre-Act offenders who were sentenced after the Act's effective date." *Id.*

Precisely the same reasoning and result set forth in *Berry* obtain here. Williams was sentenced more than two years before the Fair Sentencing Act took effect. There is no indication in the Act that Congress intended the new, lower mandatory minimum sentencing provisions to apply retroactively to defendants like Williams who had been sentenced years earlier. Furthermore, *Dorsey* lends no support whatsoever to Williams' position, because that opinion was expressly confined to a narrow procedural circumstance that is not present here.

For all of the foregoing reasons, Williams is ineligible for any sentencing reduction below the 120-month mandatory minimum statutory sentence in effect at the time of his original sentencing hearing. The Second Motion to Reduce Sentence (doc. 104) is **denied**.[1]

DONE and ORDERED this 26th day of November, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] It appears that defendant is or may be arguing that his May 2012 sentencing reduction from 130 months to 120 months on his first § 3582(c)(2) motion constituted a new sentencing proceeding that triggered eligibility for the new FSA mandatory minimums. Nothing in the language of the FSA, *Dorsey*, *Berry* or any other binding or persuasive authority would appear to support that result. To the contrary, it is black-letter law that a § 3582 modification is not a full resentencing proceeding. *See, e.g., Dillon v. United States*, --- U.S. ----, 130 S.Ct. 2683, 2691 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."); *United States v. Phillips*, 597 F.3d 1190, 1198 (11th Cir. 2010) ("a section 3582(c)(2) proceeding is not a plenary or de novo sentencing"). And the law is clear that where a guidelines range has been lowered retroactively, as was the case with Amendment 750, and the defendant is entitled to a § 3582(c)(2) modification, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009) (citation omitted). The applicable statutory minimum is obviously an "original sentencing determination" and therefore remains unchanged on a § 3582(c)(2) modification. Accordingly, the Court rejects the notion that Williams has been "resentenced" after the FSA's effective date in a manner that would entitle him to receive the benefit of the new, lower statutory mandatory minimum penalties.